**UNION BUILDING & CONSTRUCTION CORP., Appellant, v. BOWERS, Tax Commissioner, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5943.   Decided December 9, 1958.

Carlton S. Dargusch, Carlton S. Dargusch, Jr., Jack H. Bertsch, Columbus, for appellant.

William Saxbe, Atty. Genl., John M. Tobin, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BRYANT, J.

The Union Building & Construction Corp., a foreign corporation organized under the laws of New Jersey, herein called "Construction Corp.," has appealed to this court from a final order of the Board of Tax Appeals.

From the record, it appears that a tax department examiner conducted an audit of the records of the Construction Corp. and also the records of the Union Building & Equipment Corp., also organized under the laws of New Jersey, herein called "Equipment Corp.," the Equipment Corp. being a wholly owned and operated subsidiary of the Construction Corp.

As a result of these audits, Stanley J. Bowers, Tax Commissioner of Ohio, appellee herein, made an assessment against the Construction Corp. of $1,626.28 for delinquent sales tax and penalty, and also an assessment of $13,523.73 for delinquent use tax and penalty, being a total of $15,150.01.

The Construction Corp. filed a petition for reassessment which came on for consideration before appellee. The ground for objecting to the sales tax assessments was that the items in question were used or consumed directly in the production of tangible personal property for sale by manufacturing and processing under the provisions of §5739.01 R. C.

There were four objections to the use tax assessment as follows: (1) Rentals from the Equipment Corp. to the Construction Corp. were "merely intercompany charges between a parent corporation and its wholly-owned subsidiary" and were without consideration; (2) The Equipment Corp. did not intend to use the equipment in Ohio at the time it was purchased and therefore the so-called rentals are not taxable; (3) Rental items in question also represent casual rentals and (4) Said items were used or consumed directly in the production of tangible personal property for sale by manufacturing and processing in accordance with §5741.01 R. C.

Some idea of the nature of the operation giving rise to the various assessments may be gained from a report of Wayne W. Rouch appearing in the file in this case on form 807-C, which is as follows:

"Prime contractor on New Route 40 from Springfield, Ohio to Enon Road West of Springfield, including a portion of new Valley Pike.

"Bulk in assessment includes rental equipment by invoice from Union Bldg. and Eqpt. Company to Union Bldg. and Construction Corp. for Months Aug., Sept. and Oct. 1956 according to billing and job cost on project No. 253 of State of Ohio Highway Department.

"Other items include tires and such as billed direct to the home office Passaic, N. J.

"Equiptment (Equipment) parts as purchased in the State and out of the State, including Tools wire Rope used on Heavy Equiptment (Equipment). (Words in parenthesis added.)

"Plumbing Electric wiring as used in office's Mobile Office units and Bldg. used for repair parts and maintenance.

"Mobile Office Units invoiced from Union Bldg. and Construction Corp. listed as purchased from Mobile Office Inc. plus delivery charge.

"Local rental Eqpt with out operator and rough Hardwood lumber used as bins for separation of Gravel and sand for use in concrete mixer storage.

"The large portion of invoices in file were billed to State of Ohio Department of Highway % of Union Bldg. & Construction Corp. one reason a number of invoices did not show Sales Tax."

The Tax Commissioner overruled the several objections made by the Construction Corp. and affirmed the assessments but allowed conditional remission of the penalties. This final order of the Tax Commissioner was appealed to the Board of Tax Appeals. In connection with the appeal to the Board of Tax Appeals the parties agreed to the following stipulation:

"It is agreed by and between the parties hereto and their counsel that the following shall be considered as the facts for purposes of this case:

"1. Union Building and Construction Company is a New Jersey corporation engaged in the business of constructing highways, principally in eastern seaboard states, and is qualified to do business in Ohio, with its principal place of business in this state at Valley Pike and Enon Road, Springfield, Ohio.

"2. Union Building and Equipment Company is a New Jersey corporation whose function is to hold title to construction machinery,

equipment and repair parts, and to 'rent' these items to Union Building and Construction Company. Union Building and Equipment Company is a wholly owned and operated subsidiary of Union Building and Construction Company, and the two corporations have the same officers and board of directors.

"3. The 'rentals' from Union Building and Equipment Company to Union Building and Construction Company were of items of construction machinery, equipment and repair parts and were originally purchased by Union Building and Equipment Company with no intention that the machinery and equipment would be used in any particular state.

"4. Union Building and Construction Company has not carried on any operation in Ohio excepting for highway construction on new Route 40, west of Springfield, such construction having begun in July of 1956, and continuing to the present time. The machinery, equipment and repair parts for this operation were 'rented' by Union Building and Construction Company from Union Building and Equipment Company, and are the same as are here in issue.

"5. At the times the machinery, equipment and repair parts in question were transferred from Union Building and Equipment Company to Union Building and Construction Company, there was no payment of money. Union Building and Equipment Company entered on a memorandum of account a debit in a specific amount against Union Building and Construction Company for the 'rental' of equipment so transferred, and The Union Building and Construction Company entered on a memorandum of account a credit to Union Building and Equipment Company in a specific amount for the 'rental' of equipment so transferred. The memoranda of account above referred to were kept in the usual course of business by both the equipment and construction companies, but the entries on these memoranda were not and have not been entered on the books of the companies.

"6. Subsequently, Union Building and Equipment Company determined to cancel the 'rentals charges' and accordingly the credits and debits were cancelled on June 1, 1957.

"7. Insofar as may be material, if the Treasurer of Union Building and Construction Company and Union Building and Equipment Company, Mr. James A. Slater, were called to testify, he would state that the purposes in having title to machinery, equipment and repair parts held by Union Building and Equipment Company and 'rented' to Union Building and Construction Company are two-fold: first, to provide a practical method of allocating machinery, equipment and repair parts costs into each particular job by having Union Building and Equipment Company charge the costs as rentals to each job; and second, to insulate Union Building and Construction Company from the financial hazards of the construction operations.

"8. There were no written contracts of 'rental' or other tangible evidence thereof, excepting schedules of 'rentals,' which have been attached hereto as Exhibit A.

"9. It is understood that the terms 'rental' and 'charge for rental,' and their equivalents are not used in a legal sense and are not to be taken as conclusive of any issue in this case."

The Board of Tax Appeals affirmed the assessments whereupon the Equipment Corp. filed a notice of appeal to this court complaining of seven errors alleged to have been committed by the Board of Tax Appeals. These alleged errors are as follows:

"(1) The Board erred in affirming the use tax assessed by the Tax Commissioner against appellant's machinery and equipment;

"(2) The Board erred in holding that there has been 'rentals' of machinery and equipment by appellant from Union Building and Equipment Company;

"(3) The Board erred in holding that accounting entries between appellant and Union Building & Equipment Company were actual and valuable consideration for the so called 'rentals.'

"(4) The Board erred in holding that appellant promised to pay money or its equivalent to Union Building and Equipment Company for the so called 'rentals';

"(5) The Board erred in holding that the so-called 'rentals' to appellant from Union Building and Equipment Company were supported by actual and valuable consideration;

"(6) The Board erred in holding that the cancellation of the so called 'rentals' to appellant, Union Building and Equipment Company did not void the rentals;

"(7) The Board erred in other respects both in law and fact apparent from its decision, the face of the record and the transcript."

However, we note that in the brief of appellant four errors only are assigned which are as follows:

"1. The Board of Tax Appeals erred in holding that the equipment in question was rented by Union Building and Equipment Company to Union Building and Construction Company.

"2. The Board of Tax Appeals erred in holding that there was a rental in money, or for a consideration or for a price, under the use tax statute.

"3. The Board of Tax Appeals erred in holding that the memoranda of debits and credits were promises to pay money and were consideration, under the use tax statute.

"4. The Board of Tax Appeals erred in other respects both in law and fact apparent from the transcript, record, and decision."

We have searched the record for jurisdictional averments necessary in case of appeals to this court from the Board of Tax Appeals. It must be remembered that not all final orders of the Board of Tax Appeals may be appealed to this court, but only those of which the Tenth District Court of Appeals is by statute given jurisdiction. For example, in the first numbered paragraph of the stipulation, it is stated that the appellant is admitted to do business in Ohio, with its principal place of business in Ohio located in Springfield, Clark County, Ohio, which is located in the Second Appellate District. From the statements made during argument, it might be inferred that other facts exist which would confer jurisdiction upon this court, but the record is lacking in direct averment on this question.

Perhaps the answer may be found by reference to BTA file, Case No.

35333, ST. ASSESSMENT No. F-587, and to an Inspection Report Form 807-B, dated January 7, 1957, signed by Thomas P. Gilroy, for appellant, and Wayne W. Rouch, examiner, for appellee, which in answer to question 8(e) contains the information that appellant's statutory agent resides in Columbus, Ohio. A fact of this consequence should not be hidden away in this fashion.

It would appear that the principal argument of appellant is that if the Construction Corp. and its wholly owned and controlled subsidiary, the Equipment Corp., were but a single corporation, there would be no tax due and hence we should disregard the existence of the two corporations and treat them as one. From the argument and also in paragraph seven of the stipulation, we are informed that this corporate arrangement was for the purpose of allocating costs and to "insulate" appellant from "financial hazards" of "construction operations."

We are not dealing here with what might have been, but with a factual situation brought about entirely by the voluntary actions of appellant who now seeks to avoid the consequences of such acts. It is unrealistic to assume that the "Equipment Corp." could go on year after year "renting" valuable, expensive equipment to the "Construction Corp." without any charge of any kind, whether it be called rental or some other terms which amounts to the same thing.

There is no denying the fact that there were two corporations and the Tax Commissioner of Ohio and the Board of Tax Appeals promptly overruled the arguments advanced by appellant that because of the common ownership they should be treated as though they were one corporation. In our opinion, both the Board of Tax Appeals and the Tax Commissioner were fully warranted in the conclusions they reached. Appellee relies upon the recent decision of the Ohio Supreme Court in the case of Rochez Bros. Inc. v. Bowers, Tax Commr., 166 Oh St 396, decided May 29, 1957. While the syllabus is limited to a holding as to the exemption of property used or consumed in constructing a public utility, the last two pages of the opinion by Taft, J., starting with the last two paragraphs on page 399 to the end thereof, discusses a somewhat similar situation in which Rochez Bros. and another company organized a separate corporation to hold title to equipment and to facilitate accounting for and repair of that equipment.

The fact that in the case now before us one corporation owns all of the stock in the equipment corporation, while in the Rochez Bros. Inc. case, supra, the stock of the equipment corporation was divided between two other corporations, does not change the rule nor in our opinion does it weaken the applicability of the Rochez Bros. Inc. case, supra, as authority. That tax was made to apply in the Rochez Bros. Inc. case, supra, and for the same reasons, the tax must apply here.

Appellant can not take the benefits arising from having two corporations and at the same time escape the hazards.

It follows that the assignments of errors are not well taken and they are accordingly overruled and held for naught and the judgment and final order of the Board of Tax Appeals should be and hereby is affirmed.

PETREE, PJ, MILLER, J, concur.